[Cite as *Barlow v. Ohio State Univ. Med. Ctr.*, 2010-Ohio-4305.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MELISSA BARLOW, Exec.

    Plaintiff

    v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

    Defendant
    Case No. 2009-08594

Judge Alan C. Travis

DECISION

{¶ 1} On July 15, 2010, the court conducted an evidentiary hearing to determine whether David Sharp, M.D. is entitled to civil immunity pursuant to R.C.2743.02(F) and 9.86.[1]  Upon review of the testimony and evidence presented at the hearing, the court makes the following determination.

{¶ 2}  R.C. 2743.02(F) states, in part:

{¶ 3}  "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised

---

[1]On July 13, 2010, the parties filed a stipulation regarding the civil immunity of Theodore Farker,

Code and whether the courts of common pleas have jurisdiction over the civil action."

**{¶ 4}** R.C. 9.86 states, in part:

**{¶ 5}** "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

**{¶ 6}** The Supreme Court of Ohio has held that "in an action to determine whether a physician or other health-care practitioner is entitled to personal immunity from liability pursuant to R.C. 9.86 and 2743.02[F], the Court of Claims must initially determine whether the practitioner is a state employee. If the court determines that the practitioner is not a state employee, the analysis is completed and R.C. 9.86 does not apply.

**{¶ 7}** "If the court determines that the practitioner is a state employee, the court must next determine whether the practitioner was acting on behalf of the state when the patient was alleged to have been injured. If not, then the practitioner was acting 'manifestly outside the scope of employment' for purposes of R.C. 9.86. If there is evidence that the practitioner's duties include the education of students and residents, the court must determine whether the practitioner was in fact educating a student or resident when the alleged negligence occurred." *Theobald v. University of Cincinnati,* 111 Ohio St.3d 541, 2006-Ohio-6208, ¶30-31.

**{¶ 8}** At all times relevant, Dr. Sharp was an assistant professor in the Department of Urology at The Ohio State University Medical Center (OSUMC). (Defendant's Exhibit A.) Dr. Sharp also provided clinical care to patients through a non-profit private practice group, Ohio State University Physicians, Inc.

**{¶ 9}** Plaintiff's decedent, Mary Searls, was referred to Dr. Sharp for treatment of a urological condition which required surgery and hospitalization following the procedure. Dr. Sharp performed the surgery and he supervised a team of resident physicians who assisted him during Searls' treatment at OSUMC. According to the medical records, Searls was admitted on November 18, 2008, and discharged on

M.D., and Marshall Winner, M.D. The stipulation is hereby APPROVED.

December 6, 2008.

{¶ 10} Plaintiff asserts that Dr. Sharp failed to properly supervise Searls' discharge in that Searls did not receive a written prescription for Heparin, a medication that was listed in Searls' discharge plan to treat her cardiac condition. Plaintiff Melissa Barlow, Searls' daughter, testified that she assisted in caring for her mother and that defendant's employees instructed her on how to properly administer Heparin to Searls. Barlow stated that she called Dr. Sharp's office after a residential nursing assistant discovered that Searls had not been provided with either Heparin or a written prescription for the medication. Joyce Perry, a nurse who works with Dr. Sharp, testified that Dr. Shore, a resident who worked with Dr. Sharp, wrote a prescription for Heparin and that she faxed the prescription to Searls' residential nursing assistant on December 8, 2008. Barlow testified that Searls subsequently experienced either a stroke or heart attack and that on December 19, 2008, Searls died as a result of "heart complications."

{¶ 11} Inasmuch as Dr. Sharp's position as an assistant professor at OSUMC qualifies as state employment, the issue before the court is whether Dr. Sharp was engaged in the education of residents at the time of the alleged negligence. *Theobald* at ¶31.

{¶ 12} Plaintiff asserts that Barlow's testimony established that the discharge instructions were provided by a nurse who was neither a student nor a resident and, for that reason, Dr. Sharp could not have been engaging in the education of residents at the time of the negligence. The court disagrees.

{¶ 13} Dr. Sharp testified regarding both his duties and those of the residents who served under his instruction on the treatment team that cared for Searls. According to Dr. Sharp, both he and the residents examined Searls during their daily rounds, after which the physicians devised a treatment plan. Dr. Sharp testified that the residents developed the discharge plan which was then finalized under his supervision. Dr. Sharp acknowledged that while a nurse may have handed the discharge instructions to Barlow, the physicians who issued the instructions remained responsible for ensuring that Searls was provided with the medications and prescriptions that were listed in the discharge instructions.

{¶ 14} Based upon the totality of the evidence presented, the court concludes that Dr. Sharp's duties as a state-employed assistant professor of medicine included treating patients and educating residents at OSUMC, and that he was engaged in those duties at the time of the alleged negligence. The *Theobald* decision does not restrict physician immunity to situations where a resident was physically present or assisting the attending physician. Id. To the extent that plaintiff's claims against defendant arise from its failure to properly issue or implement the discharge instructions, the court finds that Dr. Sharp's involvement with the instructions was a collaboration with the residents who were members of the treatment team. Indeed, the discharge instructions state that they were finalized by Subbarao Mandalapu, M.D., a resident. (Joint Exhibit 1.) The fact that Barlow received the instructions from a nurse who was neither a student nor a resident does not alter the court's conclusion that Dr. Sharp was engaged in educating residents at the time of the alleged negligence. Therefore, the court concludes that Dr. Sharp was acting within the scope of his state employment with OSUMC at all times pertinent hereto.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MELISSA BARLOW, Exec.

    Plaintiff

    v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

    Defendant
    Case No. 2009-08594

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

The court held an evidentiary hearing to determine civil immunity pursuant to R.C. 9.86 and 2743.02(F). Upon reviewing all the evidence and for the reasons set forth in the decision filed concurrently herewith, the court finds that David Sharp, M.D., Theodore Farker, M.D., and Marshall Winner, M.D., are entitled to immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over any civil actions filed against them based upon the allegations in this case.

_____
ALAN C. TRAVIS
Judge

cc:

Daniel R. Forsythe                          Ross A. Gillespie
Karl W. Schedler                            5650 Blazer Parkway, Suite 100
Assistant Attorneys General                 Dublin, Ohio 43017
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

AMR/cmd
Filed August 13, 2010
To S.C. reporter September 9, 2010